## MARTIN O. WALKER

*v.*

## FREDERICK R. WILSON.

PAROL LICENSE—*revocation.* A parol license by a lessor to his lessee, to remain in possession after the expiration of the lease, made without consideration, is subject to revocation, and will be considered revoked by a subsequent demand of possession.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding

This was an action of covenant, brought by Wilson against Walker and others, partners, upon a lease, in which it was sought to recover double rent, under the statute, on the allegation that the defendants, lessees, wilfully held over after the expiration of the lease.

A trial resulted in a finding and judgment for the plaintiff, from which the defendant, Walker, appealed.

Mr. OBADIAH JACKSON, for the appellant.

Messrs. JONES & GARDNER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

There is no ground in this record for reversing the judgment. The court did not, as we understand the case, allow double rent. By the terms of the lease the lessees were to pay one half the taxes. They occupied the lot from September, 1865, to May 1, 1868, under their lease, and held over until July 6, 1868. It appears, from the testimony of plaintiff's attorney, that when he presented the bill for one half the taxes of 1867, the lessees refused to pay them, and it is not claimed they ever have paid them. These taxes and single rent, at the rate which the premises are sworn to have been worth, would make the amount of the judgment.

That the lessees held the premises until July 6, can not be denied. They had discontinued their coal business, but they retained possession of the lot, by keeping on it their office, barn, scales, and a quantity of coal which one of the witnesses estimated at a hundred hogsheads. It is suggested the lessor had given them leave, before the lease terminated, to remain in possession in this way, but if so, it was a mere parol license, without consideration, subject to revocation, and was revoked by the formal demand in writing for possession made on the second of May. Besides, whatever permission of this kind was given, related only to the office and scales.

It is unnecessary to consider the question of double rent, as such rent does not seem to have been allowed.

*Judgment affirmed.*